**Raymond A. HUNTER, Petitioner,**

v.

**OKLAHOMA PARDON AND PAROLE BOARD, Respondent.**

**No. A–14999.**

Court of Criminal Appeals of Oklahoma.
March 12, 1969.

Raymond A. Hunter, pro se.

G. T. Blankenship, Atty. Gen., Dale Crowder, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in which Raymond A. Hunter, presently confined in the Oklahoma State Penitentiary, has petitioned this Court for a writ of mandamus to direct the Pardon and Parole Board of Oklahoma to calculate his sentence deducting certain credits in determining when he would be eligible for consideration for parole. Petitioner alleges that he was incarcerated in the Penitentiary under the authority of a judgment and sentence assessing his confinement at a minimum of six years to a maximum of twenty years. It is further contended that the present policy of the State Pardon and Parole Board is to consider a person sentenced to such an indeterminate sentence only when he has completed the minimum number of

years which is determined on a calendar year basis. Petitioner argues that the policy of the Board using a calendar year basis is illegal in view of Section 138 of Title 57 which provides certain deductions from a term of imprisonment. Petitioner therefore requests that the Pardon and Parole Board be directed to consider him for parole when he has completed six years confinement less deductions in compliance with Section 138 of Title 57.

Title 57 O.S.Supp.1968, § 353, provides that a court in assessing a term of confinement may fix a minimum and maximum term within the limits provided as penalty for conviction of the offense involved. Title 57 O.S.Supp.1968, § 354, provides as follows:

"Upon the commitment to imprisonment of any prisoner under the provisions of Section 1 hereof [57 O.S.Supp.1968, § 353], the Pardon and Parole Board shall cause a continuing study to be made of the prisoner. *When the prisoner has served the minimum sentence imposed,* or as soon thereafter as he or she can be heard, *the Pardon and Parole Board shall hear the prisoner's application for parole,* and shall make such recommendation to the Governor as, in its discretion, the public interest requires. Nothing herein contained shall be construed to prevent a hearing by the Pardon and Parole Board before the minimum term has been served." (Emphasis ours.)

It will be noted that Section 354 is mandatory when it provides that the Board shall hear a prisoner's application for parole "when the prisoner has served the minimum sentence imposed." The duty of the Board is quite clear under this provision and the only question involved is when is a minimum sentence served.

Section 138 of Title 57 at the time of Petitioner's judgment and sentence was imposed provided in relevant part:

"*Every convict* who shall have no infractions of the rules and regulations of the prison or laws of the State recorded against him *shall be allowed for his term*

*a deduction* of two (2) months in each of the first two (2) years; four (4) months in each of the next two (2) years; five (5) months in each of the remaining years of said term, and prorated for any part of the year where the sentence is for more or less than a year. * * * And, in addition to the deduction above provided for, *every convict shall be entitled to a deduction from his sentence* of two (2) days for every six (6) days' work performed by him; and *each convict shall also,* in addition to all such deductions, *be entitled to a deduction* of twenty (20) days for each pint of his blood he donates to the American Red Cross or to any agency or hospital approved for such purpose by the Warden * * *." (emphasis ours)

■ The terms of Section 138 are mandatory when they provide that under the conditions set forth in this Section that "every convict * * * shall be allowed * * * a deduction" for good conduct time, "and in addition * * * shall be entitled to" work time credits, and "shall also * * * be entitled to a deduction" for blood donations. Section 138 is clear when it provides that "every convict" shall receive the deductions provided therein.

■ In 1968 the Legislature while reenacting the above quoted portion amended Section 138 in relevant part as follows:

"Provided further, when a maximum and minimum term of imprisonment is imposed, this section shall apply only to the maximum term." O.S.L.1968, Ch. 255, p. 391.

Thus the Legislature expressed its intention that the deductions provided in Section 138 would not be mandatory in determining a minimum sentence imposed under 57 O.S. Supp.1968, § 354. However, this provision could have no application prior to its enactment.

Petitioner was convicted and sentenced in 1961 and at that time Section 138 had not been amended to exclude its application when computing a minimum sentence when a minimum-maximum sentence has been

imposed. Therefore, Section 138 as it existed at the time of Petitioner's judgment and sentence, rather than its amended form in 1968, is governing in the instant situation as to when Petitioner has served his minimum sentence.

▊ There is no doubt that the question as to when Petitioner shall be granted a parole rests within the sound discretion of the Pardon and Parole Board provided that it does not exceed the maximum sentence. However, the question as to when the Board shall hear such an inmate's application for parole is governed by a statutory directive that cannot be ignored by the Board and which is enforceable by this Court. The effect of a Legislative amendment in 1968 excluding the application of Section 138 in consideration of a minimum sentence is to make such exclusion governing in all judgments and sentences rendered after the effective date of April 28, 1969. The fact that the Legislature in 1968 saw fit to exclude application of Section 138 in computing a minimum sentence lends further credence to our conclusion that Section 138 must be used in determining when the minimum sentence has been served prior to 1968.

From the facts presently before this Court it is not readily apparent when Petitioner will have served his minimum sentence with deductions. However, when Petitioner has been incarcerated for six years less his deductions as authorized in Section 138 of Title 57 the Pardon and Parole Board has the statutory duty to hear his application for a parole and *the Board is so advised.*

Writ granted.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.